UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60653-CIV-COHN

Magistrate Judge Snow

NANCY E. PESCATRICE,

    Plaintiff,

vs.

ROBERT J. OROVITZ, P.A. and
JASON S. DRAGUTSKY,

    Defendants.
_____/

## ORDER DENYING MOTION TO DISMISS
## AMENDED SCHEDULING ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss the Amended Complaint [DE 25]. The Court has carefully considered the motion, response, and reply thereto, and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Nancy Pescatrice ("Plaintiff") filed an Amended complaint against an attorney and law firm ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA").  Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f.  In Counts I and II, Plaintiff asserts that Defendants violated these sections by filing a law suit in state court on a time-barred claim.  In Counts III and IV, Plaintiff alleges violations of these sections when Defendants served Plaintiff with a proposed "Stipulation for Entry of Final Judgment Execution Withheld," which provided for an interest rate double the Florida authorized rate and a waiver of statutory exemptions to garnishment.  Defendants move to dismiss the First Amended Complaint for failure to state a claim.

II. DISCUSSION

### A.  Motion to Dismiss Standard

Until the recent Supreme Court decision in Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S.Ct. 1955 (2007), courts routinely followed the rule set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  However, pursuant to Twombly, to survive a motion to dismiss, a complaint must now contain factual allegations which are "enough to raise a right to relief above the speculative level."  127 S. Ct. at 1965.   As under Conley, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Id. at 1964-65.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well-pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 1965 (citation omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1964-65.  Rather, the facts set forth in the complaint must be sufficient to "nudge the[] claims across the line from conceivable to plausible."  Id. at 1974.

### B.  FDCPA -- Time Barred Claim

Defendants seek to dismiss Counts I and II on the grounds that their state law claim was not time barred.  Defendants assert that default occurred on May 12, 2003,

while the state court lawsuit was filed on May 10, 2006. Defendants argue that the contract on the underlying credit card account debt had a four year statute of limitations under Florida law. Plaintiff asserts that a three year statute of limitation under Virginia law, which the credit card agreement stated applied to this account, and the statute started running on the date of last payment on January 10, 2003. Plaintiff argues that under Virginia law, only a written contract has a five year statute of limitations, while unwritten contracts have three years, with all other claims having two year limitations. In reply, Defendants assert that the statute does not start running until the default date, which did not occur until May 12, 2003. In addition, Defendants assert that the written terms of the credit card agreement govern the contractual relationship as Plaintiff accepted those terms upon using the card. Defendants note that Plaintiff cannot rely on the written contract for use of Virginia law, but then reject that the written contract limitations period applies.

The parties also dispute whether the filing of a lawsuit on a time-barred claim can even constitute a violation of the FDCPA as a deceptive or unfair practice. In <u>Jeter v. Credit Bureau</u>, the Eleventh Circuit adopted the "least sophisticated consumer" test when evaluating whether a debt collector's letter is deceptive. <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985). The issue then is whether the least sophisticated consumer would realize that a statute of limitations defense to a state court lawsuit would preclude their obligation to pay the debt.

Defendants rely upon an Eighth Circuit Court of Appeals decision, <u>Freyermuth v. Credit Bureau Services, Inc.</u>, 248 F.3d 767, 771 (8th Cir. 2001), which held that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." However, in the present case, actual litigation did occur.

Thus, the present case resembles <u>Kimber v. Federal Financial Corp.</u>, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987).  In <u>Kimber</u>, a district court in Alabama found that "a debt collector's filing of lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period applies, is an unfair and unconscionable means of collecting the debt," and thus a violation of Section 1692f.  Recently, however, a district court in Georgia granted summary judgment to a debt collector who filed a lawsuit on a claim for which the statute of limitations was in dispute. <u>Almand v. Reynolds & Rubin, P.C.</u>, 485 F.Supp.2d 1361, 1367 (M.D. Ga. 2007).

The Court concludes first that disputed issues of fact regarding the date of default and the beginning of the limitations period precludes a decision dismissing the claims at this juncture.  Plaintiff has stated factual allegations which are enough to raise a right to relief above the speculative level by alleging the last payment made in January, 2003, a lawsuit filed in May, 2006, and a three year statute of limitations under Virginia law governing the underlying credit card contract.  In addition, there is case law supporting the theory that filing a lawsuit on a time barred claim violates the FDCPA.  The Court thus denied the motion to dismiss as to Counts I and II.

### C.  FDCPA -- Settlement offer as pleading

Defendants seek to dismiss Counts III and IV alleging an FDCPA violation for serving a settlement offer with the complaint in the underlying state court action.  Defendants argue that the letter and stipulation sent to Plaintiffs in the underlying action are not "communications" under the FDCPA, are excluded from the FDCPA as ordinary court-related documents that notify its recipient that a specific remedy has been sought, <u>Heintz v. Jenkins</u>, 514 U.S. 291, 296 (1995), and even if not excluded, are not deceptive

4

as they do not have Court imprimatur.

Plaintiff responds by asserting that the settlement offer as it was presented is deceptive and unfair in that it implies that the debtor can settle the claim and avoid court, but the "settlement" is for the full amount of the debt with double the interest rate allowed and with waiver of garnishment exemption rights. Moreover, Plaintiff notes that Florida state courts have stricken as not a proper pleading that may be served with a complaint, and also because it simulates legal process. Under the least sophisticated consumer standard, Plaintiff urges the Court to find such settlement offers in violation of the FDCPA. In reply, Defendants argue that settlements of underlying debts are in consumer's interest and should be encouraged and not chilled.

The Court notes that the issues presented by this motion to dismiss raise a difficult line-drawing question between encouragement of genuine settlement offers inherent in lawsuits and enforcement of the FDCPA over covered collection activity by attorneys. Because this issue is only presented here on a motion to dismiss, the Court will deny the motion, as Plaintiff has presented factual allegations regarding the deceptive or unfair nature of the "stipulated" settlement served via process with a complaint which are enough to raise a right to relief above the speculative level. The Court also cannot ignore the fact that Florida state courts have concluded that service of such a proposed "stipulated" settlement offer with the complaint is improper under Florida law.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss the Amended Complaint [DE 25] is hereby **DENIED;**

2. Defendants shall file their Answer to the First Amended Complaint by October 30, 2007;

3. The following new deadlines shall apply to this case:

| | |
|---|---|
| Discovery cutoff | January 15, 2008 |
| Dispositive motions and Motions to Exclude or Limit Expert Testimony | February 1, 2008 |
| Mediation Report Deadline | February 15, 2008 |
| Motions in limine | March 13, 2008 |
| Joint Pretrial Stipulation, Proposed Jury Instructions, and Deposition Designations for Trial (if any) | March 21, 2008 |
| Proposed Voir Dire questions and Objections and Counter-Designations to Deposition Designations | Calendar Call |

4. The trial in this case is continued until the two-week period commencing March 31, 2008, with the Calendar Call continued until Thursday, March 27, 2008 at 1:30pm.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of October, 2007.

*[signature]*
JAMES I. COHN
United States District Judge

Copies furnished to:

Donald Yarbrough, Esq.

Barry Postman, Esq./Rachel Beig, Esq./S.Jonathan Vine, Esq.

6