UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60653-CIV-COHN

NANCY E. PESCATRICE,

Magistrate Judge Seltzer

    Plaintiff,

vs.

ROBERT J. OROVITZ, P.A. and
JASON S. DRAGUTSKY,

    Defendants.
_____/

**<u>ORDER GRANTING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**
**<u>ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

THIS CAUSE is before the Court upon Defendants' Motion for Summary Judgment [DE 63] and Plaintiff's Motion for Partial Summary Judgment [DE 66]. The Court has carefully considered the motions, responses, and replies thereto, and is otherwise fully advised in the premises. The motions became ripe on March 12, 2008.

### I.  BACKGROUND

Plaintiff Nancy Pescatrice ("Plaintiff") filed an Amended Complaint against an attorney and law firm ("Defendants") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f. In Counts I and II, Plaintiff asserts that Defendants violated these FDCPA sections by filing a law suit in state court on a time-barred claim. In Counts III and IV, Plaintiff alleges violations of these sections when Defendants served Plaintiff with an allegedly deceptive, proposed "Stipulation for Entry of Final Judgment Execution Withheld," in connection with an attempt to settle the state court lawsuit. This Stipulation provided for an interest rate double the Florida authorized rate and a waiver of statutory exemptions to garnishment. The Court denied Defendants' motion to dismiss the First Amended Complaint for failure to state a claim. After discovery,

Defendants now move for summary judgment on all claims, while Plaintiff moves for partial summary judgment on her claims regarding Defendants' use of the Stipulation for Entry of Final Judgment.

The underlying debt in this action resulted from a Capital One credit card issued by Capital One Bank, located in Virginia. Plaintiff's use of the credit card was governed by a written agreement sent by Capital One to Plaintiff, although Plaintiff never signed a piece of paper containing those terms and provisions. Exhibit 2 to Defendant's Motion [DE 63-2 at pp. 4-6]. One such provision was that the terms were to be construed pursuant to Virginia law. Plaintiff did sign the back of the card, used the card, and signed purchase slips when using the card at various merchants. Affidavit of Richard A. Napolitano, Exhibit 1 to Motion [DE 63-2 at pp. 1-3]; Exhibits 3-5 of Motion [DE 63-2 at pp. 7-21]

Plaintiff failed to make the minimum payment on the card account in January of 2003, resulting in her defaulting on the account. Capital One "charged off" the account with a principal balance of $1,371.06, on May 12, 2003. Napolitano Affidavit at ¶ 10. On May 10, 2006, Defendants, on behalf of Capital One Bank, filed suit against Plaintiff in Broward County Court. Exhibit 6 [DE 63-3 at pp. 1-6]. After filing suit, Defendants sent Plaintiff a letter offering to settle the litigation and underlying debt, along with a proposed Stipulation for Entry of Final Judgment Execution Withheld. Exhibit 7 [DE 63-3, at pp. 7-10].

## II. DISCUSSION

### A. Summary Judgment Standard

The Court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

2

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To discharge this burden, the movant must point out to the Court that there is an absence of evidence to support the nonmoving party's case. Id. at 325.

After the movant has met its burden under Rule 56(c), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). According to the plain language of Fed. R. Civ. P. 56(e), the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings," but instead must come forward with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 587.

Essentially, so long as the non-moving party has had an ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be a sufficient showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990). If the evidence advanced by the non-moving party "is merely colorable, or is not significantly probative, then summary judgment may be granted." Anderson, 477 U.S. at 249-50.

3

## B.  Time Barred Claim

Defendants move for summary judgment on the grounds that their actions in filing suit on the Capital One debt did not violate the FDCPA as alleged because the state law claim was not time barred under Virginia law.  The elements of an FDCPA claim include: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."  Fuller v. Becker & Poliakoff, P.A., 192 F.Supp.2d 1361, 1366 (M.D.Fla. 2002).  In this case, the underlying debt was a consumer debt and Defendants engaged in collection activity.  As will be discussed below, filing suit on a time-barred claim could be an FDCPA violation.

In this case, Defendants assert that Plaintiff's default on the account occurred on May 12, 2003, while the state court lawsuit was filed on May 10, 2006.  Defendants argue that the contract on the underlying credit card account debt had a five year statute of limitations under Virginia law by virtue of the credit card agreement, or a four year limitation under Florida law.  Plaintiff asserts that a three year statute of limitations under Virginia law is applicable to this contract, and, because the statute started running on the date of last payment on January 10, 2003, the claim is time-barred.  Plaintiff argues that under Virginia law only a written contract has a five year statute of limitations, while unwritten contracts have three years, with all other claims having a two year limitation.  In reply, Defendants assert that the statute does not start running until the default date, which did not occur until May 12, 2003.  In addition, Defendants assert that the written terms of the credit card agreement govern the contractual relationship as Plaintiff accepted those terms upon using the card.  Defendants note that Plaintiff cannot rely on the written contract for use of a Virginia law provision, but then reject that

4

the written contract limitations period applies. Several state court decisions out of Miami-Dade County have concluded that under similar facts as these, the five-year Virginia statue of limitations applies. See Exhibits 10-11 to Defendant's Motion [DE 63-6].

The parties also dispute whether the filing of a lawsuit on a time-barred claim can even constitute a violation of the FDCPA as a deceptive or unfair practice. In <u>Jeter v. Credit Bureau</u>, the Eleventh Circuit adopted the "least sophisticated consumer" test when evaluating whether a debt collector's letter is deceptive. <u>Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168, 1175 (11th Cir. 1985). Defendants rely upon an Eighth Circuit Court of Appeals decision, <u>Freyermuth v. Credit Bureau Services, Inc.</u>, 248 F.3d 767, 771 (8th Cir. 2001), which held that "in the absence of a threat of litigation or actual litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a potentially time-barred debt that is otherwise valid." However, in the present case, actual litigation did occur, meaning that such action could violate the FDCPA.

In <u>Kimber v. Federal Financial Corp.</u>, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987), a district court in Alabama found that "a debt collector's filing of lawsuit on a debt that appears to be time-barred, without the debt collector having first determined after a reasonable inquiry that that limitations period applies, is an unfair and unconscionable means of collecting the debt," and thus a violation of Section 1692f. However, a district court in Georgia granted summary judgment to a debt collector who filed a lawsuit on a claim for which the statute of limitations was in dispute. <u>Almand v. Reynolds & Rubin, P.C.</u>, 485 F.Supp.2d 1361, 1367 (M.D. Ga. 2007). Last month, a district court in Florida concluded that an attorney who filed an allegedly time-barred lawsuit could not be liable

5

under the FDCPA because the attorney met his burden to show that the "violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." McCorriston v. L.W.T, Inc., -- F.Supp.2d --, 2008 WL 516384 (M.D. Fla. Feb. 22, 2008) (citing 15 U.S.C. § 1692k(c) (bona fide error defense)).

The present case clearly resembles McCorriston and Almand and not Kimber.[1] There is no genuine issue of material fact in dispute that Defendants have a plausible argument that a five year statute of limitation exists, as Plaintiff did sign the back of the credit card, used the card, and signed purchase slips when using the card at various merchants. Defendants could not have known whether Plaintiff understood that her use of the card by signing the card and signing charge receipts would bind her to the written contract. Defendants did research the issue, and several Miami-Dade circuit judges have ruled that under similar facts, the five-year Virginia statute applies. Deposition of Jason Dragutsky, Exhibit 9 to Defendant's Motion [DE 63-5]; see also Exhibits 10-11 to Defendant's Motion [DE 63-6].

This Court agrees with the reasoning and analysis in the McCorriston decision. The issue is not whether the state court action is actually time-barred, nor is the issue whether Plaintiff must show that Defendants intentionally violated the FDCPA as an element of her case. McCorriston, 2008 WL *4, *7, n.8 (distinguishing Almand and Simmons v. Turner, 970 F.Supp. 661, 666 (S.D.Ind. 1997), the cases relied upon by Defendants in their brief). Rather, the issue in this case is whether Defendants can

---

[1] As to the issue of whether the bona fide error defense can be applied to a mistake of law, the Court agrees with the reasoning and conclusions of Judge Whittemore that it can be so applied. McCorriston, 2008 WL 51634, *4.

6

meet their burden to show a bona fide error defense.[2] The facts of this case, as discussed above, are even stronger than in <u>McCorriston</u> that Defendants have proven that their violation was not intentional and that they researched the statute of limitations issue before filing suit.[3] Therefore, summary judgment in favor of Defendants is proper on Counts I and II.

### C.  Settlement Offer as Deceptive?

Both parties seek summary judgment as to the claims in Counts III and IV alleging an FDCPA violation for the use of a proposed stipulation in the underlying state court action. Defendants argue that the letter and stipulation sent to Plaintiffs in the underlying action are not "communications" under the FDCPA, and are excluded from the FDCPA as ordinary court-related documents that notify its recipient that a specific remedy has been sought. <u>Heintz v. Jenkins</u>, 514 U.S. 291, 296 (1995). Defendants further assert that even if covered by the FDCPA, the cover letter and proposed settlement were not deceptive in this case because Plaintiff consulted an attorney and did not believe Defendants intended to help her.

Plaintiff responds by asserting that the settlement offer as it was presented is deceptive and unfair in that it implies that the debtor can settle the claim and avoid court, but the "settlement" is for the full amount of the debt with double the state post-judgment statutory interest rate and with a waiver of statutory garnishment exemption rights. Moreover, Plaintiff asserts that Florida state courts have stricken a similar

---

[2] Defendants plead the bona fide error defense in this case as an affirmative defense [DE 48].

[3] The Court reaches this conclusion without deciding the issue of whether the missed payment date or the charge off date is the beginning of the limitations period. Even if the period began in January of 2003, that would be within the five year period under Virginia law for written contracts.

7

document as not a proper pleading that may be served with a complaint, and also because it simulates legal process. Under the least sophisticated consumer standard, Plaintiff urges the Court to find such settlement offers in violation of the FDCPA as a matter of law. In reply, Defendants cite to Florida state court decisions upholding executed settlements in similar form and argue that settlements of underlying debts are in all consumer's interests and should be encouraged.[4]

The Court must first look to Heintz v. Jenkins, the United States Supreme Court decision interpreting whether debt collecting attorneys are covered by the FDCPA. In that case, which involved an attempt to settle a collection lawsuit already filed, the Supreme Court rejected an interpretation of "communications" that would have exempted the relevant communication at issue in the present case. Heintz, 514 U.S. at 293, 296. Although the initial notification by a debt collection attorney to a consumer that a lawsuit was filed or was going to be filed would be exempt, an attempt to settle the debt after filing suit is not. The document at issue in this case was not filed with the Court and therefore is not "an ordinary court-related document" for purposes of the FDCPA. Id. at 296.

With regard to Plaintiffs' argument that Florida state courts have concluded that service of such a proposed "stipulated" settlement offer with the complaint is improper under Florida law, the Court concludes that the document in this case was not served

---

[4] To the extent Defendants argue that this proposed settlement offer is protected by a state "absolute litigation privilege" for statements made during litigation, that privilege would only apply to state court claims, and not the FDCPA. In Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1276 (11th Cir. 2004), the Eleventh Circuit stated that communications made during settlement negotiations, "occurred during the course of a judicial proceeding *and* had a substantial relation to that proceeding," and therefore, "application of Florida's absolute litigation privilege to the conduct at question was appropriate." However, this decision cannot be read by this District Court to immunize such statements for purposes of a separate federal statute.

8

with the Complaint. As to Defendants' argument that state courts have accepted executed settlements in the same form as the document at issue in this case, such acceptance does not immunize the conduct if it is deceptive under the FDCPA.

Defendants' best argument is that under the facts of this case, Plaintiff herself was not misled by the document and therefore it is not "deceptive" under the FDCPA. Upon receiving the letter, she referred the matter to her attorney. Deposition of Nancy Pescatrice at pp. 82 [DE 86-2]. However, Plaintiff argues that she sent it to her attorney because she did not understand the letter, found it "vague," "confusing," "questionable," and "did not look legit." Id. at pp. 83-87. Upon a review of the record before the Court, I cannot conclude as a matter of law, that the letter and proposed stipulation, taken together, are not deceptive under Sections 1692e or 1692f of the FDCPA to the "least sophisticated consumer." Jeter, 760 F.2d at 1175. Therefore, both sides' motions for summary judgment as to Counts III and IV are denied. The issue of whether the letter and proposed final judgment are deceptive is a material issue of disputed fact for the jury, as factfinder, to resolve.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Summary Judgment [DE 63] is hereby **GRANTED in part and DENIED in part**;

2. Summary Judgment is granted to Defendants as to Counts I and II, and denied as to Counts III and IV.

3. Plaintiff's Motion for Partial Summary Judgment [DE 66] is hereby **DENIED**;

4. The Court will hear the recently filed motions in limine and motion to strike at the

Calendar Call on Thursday at 9:30am.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of March, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Donald Yarbrough, Esq.

Barry Postman, Esq./Rachel Beig, Esq./S.Jonathan Vine, Esq.